Dear Mr. Dean:
You requested an Attorney General's opinion regarding the exemption of certain property from ad valorem taxes under ArticleVII, Section 21 of the Louisiana Constitution. You indicate that certain public entities and non-profit associations, such as churches, lease equipment from private companies. It is your understanding that under the leases, the public entities and non-profit associations have agreed to pay the ad valorem taxes assessed on the leased property. You question whether, under these circumstances, equipment leased to public entities, political subdivisions and/or non-profit corporations or associations is exempt from ad valorem taxes under Article VII, Section 21(A) or (B)(1)(a).
Louisiana jurisprudence requires that constitutional grants of tax exemptions be strictly construed in favor of the taxing body, and against the taxpayer seeking the exemption. Zapata HaneyCorp. v. Larpenter, 583 So.2d 867 (La.App. 1st Cir. 1991) writ denied. Article VII, Section 21 provides in part:
 (A) Public lands; other public property used for public purposes.
 (B)(1)(a) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax;
These exemptions are only for public property and property owned by certain nonprofit corporations or associations. In order to be exempt from taxation under Article VII, Section 21(A) or (B)(1)(a), the property in question must be owned by the state or a *Page 2 
political subdivision or by a nonprofit corporation or association as described in the Section (B)(1)(a). Therefore, it is the opinion of our office that leased equipment is not exempted under Article VII, Section 21(A) or (B)(1)(a).[1]
The lessees would be required to pay the ad valorem taxes on the leased property if they agreed to do so under the leases.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: __________________________ KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/jv
[1] It should be noted that Article VII, Section 21(B)(1)(b) provides:
 (b) property leased to such a nonprofit corporation or association for use solely as housing for homeless persons, as defined by regulation adopted by the tax commission or its successor provided that the term of such lease shall be for at least five years, that as a condition of entering into the lease the property be in compliance with all applicable health and sanitation codes for use as housing for homeless persons, that the lease shall provide that compensation to be paid the lessor shall not exceed one dollar per year, and that such contract of lease shall recite that the property shall be used exclusively for the purpose of housing the homeless, and further provided that at such time as the property is no longer used solely as housing for homeless persons, the property shall no longer be exempt from taxation.
Your question involves leased equipment, which would not be exempted under Article VII, Section 21(B)(1)(b).